IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boland Marine & Industrial, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| vs. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| Bouchard Transportation Co., Inc., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| Apex Oil Company | § | |
| | § | |
| Delaware City Refining Company LLC | § | |
| | § | |
| Gulf Oil Corporation | § | |
| | § | |
| Gulf Oil Limited Partnership | § | |
| | § | |
| Laurel Shipping LLC | § | |
| | § | |
| PBF Energy, Inc. | § | |
| | § | |
| PBF Energy Partners LP | § | |
| | § | |
| PBF Energy Company LLC | § | |
| | § | |
| Trafigura Trading | § | |
| | § | |
| Trafigura AG | § | |
| | § | |
| Valero Refining and Marketing Company | § | |
| | § | |
| Valero Refining Company | § | |
| | § | |
| Garnishees. | § | |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Boland Marine & Industrial, LLC ("Boland Marine") brings this action against Bouchard

Transportation Co., Inc.  ("Bouchard") *quasi in rem* pursuant to Supplemental Rule B for Certain

Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including to within named Garnishees and states as follows:

## Jurisdiction and Venue

1.     This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.     Venue is proper in this District because within named Garnishees are, within the meaning of Supplemental Rule B, located, can be found, and/or can be served with process in this District.

3.     Venue is also proper in this District because Defendant's property is or soon will be in this District, namely, accounts payable to defendant.

4.     Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5.     Boland Marine is a Louisiana limited liability company with its principal place of business in Orleans Parish, Louisiana and provides berthing/dockages, security, vessel repairs, equipment, labor, maintenance, other services and vessel parts to commercial customers and vessels at various locations in the Gulf South including the Perry Street Wharf and the Poland Avenue Wharf in the Port of New Orleans.

6.     Bouchard is a New York business entity which owns and operates several tugboats and barges (herein, the Vessels") operating throughout the navigable waters of the United States.

7.     Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Boland Marine reasonably believes hold accounts which are the property of and/or owing to Bouchard.

- 2 -

## **Facts**

8.     Pursuant to requests by defendant Bouchard which included agreed pricing, Boland Marine provided berthing/dockage, security, labor, materials, equipment, repairs and other related services (collectively hereafter "work") to the Vessels while docked at the Perry Street Wharf or Poland Avenue Wharf in the Port of New Orleans in the principal amount of $1,452,150.00.   The Bouchard Vessels, and invoiced work amounts which Boland Marine provided to each, are the following:

| | |
|---|---|
| TUG LINDA LEE/ BARGE 205 | $28,330 |
| TUG RALPH/ BARGE 230 | $934,170 |
| TUG DANIELLE/ BARGE 245 | $163,290 |
| TUG KIM/ BARGE 270 | $104,860 |
| TUG BOUCHARD GIRLS/ BARGE B295 | $217,000 |
| TUG GEORGE BETZ | $4500 |
| **Total:** | **$1,452,150.00** |

9.     Boland Marine provided the above-described work for the benefit of the Vessels and Bouchard, all of which was performed by Boland Marine in a good and workmanlike manner and accepted and utilized by Bouchard.

10.     Pursuant to the parties' agreement and course of dealing, Boland Marine invoiced Bouchard for Boland Marine's work provided to Vessels in the principal amount of $1,452,150.00, which, despite amicable demand, and in breach of the parties' contract, remains unpaid.

11.     The work and invoices by Boland Marine to Bouchard constitute maritime contracts, which Bouchard breached by failing to pay Boland Marine.

12.     Based on Bouchard's breach and non-payment, Boland Marine is entitled to recovery against Bouchard the principal overdue amount of $1,452,150.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys' fees pursuant to the terms of Boland Marine's invoices and the parties' course of dealing.

13.     In the alternative, Boland Marine is entitled to recovery against Bouchard in the principal amount of $1,452,150.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys' fees under equitable principles including the doctrine of *quantum meruit* or unjust enrichment and the terms of Boland Marine's invoices (and the parties' course of dealing.

## Count I – Breach of Maritime Contract

10.     Boland Marine incorporates the above paragraphs as if fully set forth herein.

11.     Bouchard breached its maritime contracts with Boland Marine as set out above. Despite repeated demand, Boland Marine remains unpaid.

12.     Boland Marine therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

13.     Boland Marine incorporates the above paragraphs as if specifically set forth herein.

14.     Boland Marine seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

15.     No security for Boland Marine's claims has been posted by Bouchard or anyone acting on its behalf to date.

16.     Bouchard cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District.

## Prayer for Relief

WHEREFORE, Boland Marine prays:

A.      That in response to Count I, process of maritime attachment be issued to garnish and attach property of Bouchard in the principal amount of at least $1,631,799.92, plus attorneys' fees, interest and costs of at least $100,000 for a total amount of **$1,731,799.92** as detailed above;

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Bouchard's tangible or intangible property or any other funds held by within named Garnishees and any further garnishee, up to the amount of at least the amount demanded herein to secure Boland Marine's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to /

D.      That this Court award Boland Marine such other and further relief that this Court deems just and proper.

YOUNG CONAWAY STARGATT
& TAYLOR LLP

**OF COUNSEL**

J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone:     (410) 783-5795
Facsimile:     (410) 510-1789
jssimms@simmsshowers.com

Dated:  January 22, 2020

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com
*Attorneys for Boland Marine & Industrial, LLC*

## VERIFICATION

I am a Partner of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I hereby certify that:

1)      the facts alleged in the foregoing complaint set out a claim against the Defendants which is cognizable in admiralty.

2)      I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District and also for any corporate registration of defendants in the State of Delaware.  There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

3)      property belonging to the Defendant is present or will soon be present in the district; and

4)      there is no statutory or general maritime law prohibition to the attachment.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2020.


 /s/  J. Stephen Simms
J. Stephen Simms